IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald William Glasgow, | Civil Action No. 3:09-cv-2065-RMG-JRM |
| Plaintiff, | |
| vs. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. As detailed herein, this Court adopts the Report and Recommendation of the Magistrate and remands this matter to the ALJ for further administrative proceedings consistent with this Order.

## Background

The Magistrate issued a Report and Recommendation recommending that the matter be remanded for further proceedings to address certain findings of the treating and examining physicians. (Dkt. No. 17). Defendant failed to object to the R&R. Plaintiff has not objected to the Magistrate's Report and Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final

1

determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

### Law/Analysis

This Court has reviewed this matter for errors of law and has found none. Plaintiff argues that the ALJ erred in rejecting opinion evidence because the ALJ failed to properly evaluate the opinions of his treating physicians Dr. Coleman and Dr. Jones, and the consultative opinion of Dr. Hodges. The Commissioner argues the testimony of each was properly discounted.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinions; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering

an opinion. 20 C.F.R. § 404.1527. The ALJ must also give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p.

In the matter before the Court, the ALJ failed to mention Dr. Jones' opinion at all. Thus, from the Record it is not clear if the ALJ considered her findings at all. While Dr. Coleman is mentioned, the ALJ failed to address Dr. Coleman's notations regarding Plaintiff's mental impairment of depression. (Tr. 186). Further, given the omission of Dr. Jones, it is unclear if the ALJ's findings would have differed in Dr. Jones and Dr. Coleman's opinions were taken together in light of all of the evidence. Dr. Hodges, as a consultative doctor is not entitled to controlling weight but his opinion too should be considered upon remand in light of all of the evidence based on the need to address the above-mentioned omissions. Because the ALJ did not consider all of the evidence and make the required specific findings, remand is necessary to determine if the ALJ's decision is supported by substantial evidence.

## Conclusion

Based on the above, this matter is **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and **remanded** on the points above to the ALJ for further consideration as outlined herein.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March  1 , 2011
Charleston, South Carolina